**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jane Doe, | | Case No. 2:26-cv-684 |
| | : | |
| Plaintiff, | : | |
| | : | Judge: |
| v. | : | |
| | : | |
| City of Columbus, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**PLAINTIFF JANE DOE'S MOTION FOR LEAVE**
**TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe moves the Court under Fed. R. Civ. P. 10(a) for leave to proceed in this action under the pseudonym "Jane Doe" rather than under her legal name. The grounds for this Motion are set forth in the accompanying memorandum.

Respectfully submitted,

*/s/ Bradley N. Jeckering*
Bradley N. Jeckering (0092299)
Kristie A. Campbell (0075855)
Patrick M. Quinn (0081692)
Taylor V. Fairbanks (0104817)
**JECKERING & ASSOCIATES, LLC**
10 North High Street, Suite 301
Columbus, OH 43215
Telephone: (614) 944-5151
Facsimile: (614) 515-4905
brad@centralohiolegal.com
kristie@centralohiolegal.com
pat@centralohiolegal.com
taylor@centralohiolegal.com
*Counsel for Plaintiff*

**MEMORANDUM IN SUPPORT**

This action arises from a violent home-invasion rape committed against Plaintiff and from the government's subsequent denial of equal protection, fabrication of a record portraying her as complicit in her own assault, and public exposure of her identity as a rape victim while her assailant remained at large. The Sixth Circuit has held that a rape victim holds a fundamental right of privacy in the intimate details of the crime against her. That interest, Plaintiff's ongoing psychological injury, and the real risk of retaliation and stigma make pseudonymous litigation necessary to spare Plaintiff irreparable harm while preserving the public's legitimate interest in these proceedings.

I.  **A plaintiff may proceed anonymously where her privacy interest substantially outweighs the presumption of open proceedings.**

A complaint ordinarily must name all parties. Fed. R. Civ. P. 10(a). The Court may nonetheless excuse a plaintiff from identifying herself where her privacy interest substantially outweighs the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Four considerations guide the analysis: whether the plaintiff sues to challenge governmental activity; whether prosecution of the suit will compel her to disclose information of the utmost intimacy; whether the suit requires her to disclose an intention to violate the law and risk prosecution; and whether the plaintiff is a child. *Id.*, citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). The factors guide a balancing and need not all be satisfied. This District applied them to grant pseudonymity to plaintiffs in a Section 1983 action alleging sexual assault by government employees, where the plaintiffs sued to challenge governmental conduct and the defendants already knew their identities. *Doe v. Streck*, 522 F. Supp. 3d 332 (S.D. Ohio 2021). The same factors compel the same result here.

II.  **Plaintiff holds a fundamental right of privacy in information of the utmost intimacy.**

This is, at its core, a sexual-assault case. Plaintiff was raped in her home in the presence of her infant child, and proving her claims will require detailed disclosure of the assault and its lasting

psychological consequences. The Sixth Circuit has squarely held that a rape victim possesses a fundamental right of privacy in preventing government officials from gratuitously and unnecessarily releasing the intimate details of the rape. *Bloch v. Ribar*, 156 F.3d 673, 865-66 (6th Cir. 1998). That interest is not a generalized concern with embarrassment; it implicates a fundamental right, and it places this case at the core of the second *Porter* factor. Courts in this District have accordingly recognized that the privacy interests of sexual-assault victims outweigh the presumption of openness and permit such plaintiffs to proceed anonymously. *Doe v. Streck*, 522 F. Supp. 3d at 333. Another court in this District granted anonymity to a sexual-abuse plaintiff proceeding as Jane Doe, holding that disclosure of her identity would reveal information of the utmost intimacy and that courts routinely find the privacy interests of sexual-assault victims outweigh the presumption of openness. *Doe v. Athens County*, No. 2:22-cv-855, 2022 WL 787868, at *1 (S.D. Ohio Mar. 15, 2022).

The Complaint also places Plaintiff's mental health directly at issue, alleging that the government's conduct caused her severe emotional distress, re-traumatization, renewed fear for her physical safety, and loss of personal security; proving those injuries will require disclosure of confidential medical and mental-health records. This factor weighs heavily for anonymity.

### III.     <u>Plaintiff sues to challenge governmental activity</u>.

Plaintiff's federal claims challenge the conduct of two political subdivisions and their officers. She alleges that the City of Columbus and Franklin County, because of her sex, afforded her less police protection than they give victims of other crimes; that City detectives fabricated a record entry recasting her rape as an encounter she invited; that County personnel publicly disclosed her identity as a rape victim; and that the City and County maintained policies, customs, and failures of training that caused those violations. A suit attacking how the government investigates sexual assaults and handles victims' identifying information is a paradigmatic challenge to governmental activity, and the

public can scrutinize that conduct without knowing the victim's name. *See Doe v. Streck*, 522 F. Supp. 3d at 333-34. This factor also favors anonymity.

**IV.     The remaining factors do not weigh against anonymity.**

The third and fourth *Porter* considerations are inapplicable. This suit does not require Plaintiff to disclose any intention to violate the law, and although Plaintiff is an adult, the litigation concerns a crime of the most intimate nature. Neither factor offsets the privacy interest established above.

**V.     Pseudonymity will not prejudice Defendants.**

A further relevant consideration is whether anonymity would force Defendants to litigate with insufficient information. It would not. Pseudonymity withholds Plaintiff's identity from the public, not from Defendants: Plaintiff will disclose her legal name, and a pseudonym key, to the Court and to all parties under seal, and under a (hopefully stipulated) protective order once the Defendants have appeared, and Defendants will take discovery and prepare their defense with full knowledge of who she is. Courts in this District have found no prejudice on precisely this ground, granting anonymity where the defendants already knew, or where there was no dispute as to, the plaintiff's identity. *Doe v. Streck*, 522 F. Supp. 3d at 334; *Doe v. Athens County*, 2022 WL 787868, at *1. This factor also favors anonymity.

**VI.     The presumption of openness supports, rather than defeats, the relief requested.**

The Court's attention to the public's interest in open proceedings does not counsel against this motion; it confirms why the requested relief must issue at the threshold. The Supreme Court has held that the State may not impose liability for the publication of a rape victim's identity once that identity has lawfully entered the public record. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975); *The Florida Star v. B.J.F.*, 491 U.S. 524 (1989). The consequence is that once Plaintiff's identity appears in a public filing, no later order can recall it. Proceeding under pseudonym at the outset is therefore the only effective means of protecting an interest the Supreme Court has itself recognized as substantial,

and the State's interest in protecting sexual-assault victims from the trauma of public identification is weighty. *See Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596 (1982). Granting this motion vindicates that interest without closing the courtroom or sealing the merits: the proceedings remain open, and only Plaintiff's identity is protected.

### VII.    Conclusion.

Plaintiff respectfully requests that the Court grant her leave to proceed under the pseudonym "Jane Doe" in all filings and proceedings in this action, and direct that her legal name and identifying information be redacted from public filings and replaced with the pseudonym. This suit challenges governmental activity and turns on information in which Plaintiff holds a fundamental right of privacy. She has a legitimate concern that public use of her true identity will cause embarrassment, retaliation, and harassment beyond what she has already endured.

Because this is a new matter, counsel for Plaintiff has not had an opportunity to confer with counsel for Defendants regarding this motion.

Respectfully submitted,

*/s/ Bradley N. Jeckering*
Bradley N. Jeckering (0092299)
Kristie A. Campbell (0075855)
Patrick M. Quinn (0081692)
Taylor V. Fairbanks (0104817)
**JECKERING & ASSOCIATES, LLC**
10 North High Street, Suite 301
Columbus, OH 43215
Telephone: (614) 944-5151
Facsimile: (614) 515-4905
brad@centralohiolegal.com
kristie@centralohiolegal.com
pat@centralohiolegal.com
taylor@centralohiolegal.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the date of filing, a copy of the foregoing was served upon the named Defendants together with the Summons and Complaint in the manner provided by Fed. R. Civ. P. 4, and that service upon the unidentified John/Jane Doe Defendants will be effected upon their identification.

Respectfully submitted,

*/s/ Bradley N. Jeckering*
Bradley N. Jeckering (0092299)