UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE,

      Plaintiff,

   v.

                                       Civil Action 2:26-cv-684
                                       Judge Edmund A. Sargus, Jr.
CITY OF COLUMBUS, *et al.*,           Magistrate Judge Chelsey M. Vascura

      Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed Under Pseudonym. (ECF No. 2.) Plaintiff filed her Complaint on June 5, 2026, identifying herself as Jane Doe. (ECF No. 1.) The claims in Plaintiff's Complaint arise out of allegations of sexual assault she suffered several decades ago and Defendants' failure to properly investigate and prosecute that crime. (*Id.*)  Plaintiff's Motion states that her true identity will be disclosed to Defendants and the Court. (ECF No. 2.)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh

the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit

has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also

relevant to consider whether the defendants are being forced to proceed with insufficient

information to present their arguments against the plaintiff's case. *Id.* at 561.

Here, Plaintiff alleges that she was sexually assaulted several decades ago, and that

Defendants failed to properly investigate and bring the assailant to justice. (*See generally*

Complaint, ECF No. 1.) Thus, Plaintiff is challenging government activity. The Court is also

persuaded that disclosure of Plaintiff's identity would equate to a disclosure of information "of

the utmost intimacy." *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th

Cir. 1981). Courts throughout the country have routinely found that the privacy interests of

alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue*

*Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names

are allowed when necessary to protect the privacy of . . . rape victims, and other particularly

vulnerable parties or witnesses."); *Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021)

(allowing alleged sexual assault victim to proceed anonymously and noting that "Defendants fail

to cite any case in which a Plaintiff alleging sexual assault was denied anonymity."). Moreover,

Defendants will not be prejudiced because Plaintiff has agreed to disclose her identity to

Defendants under seal. (*See id.*)

2

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy and shield her from discrimination and harassment. Therefore, Plaintiff's Motion for Leave to Proceed Under Pseudonym is **GRANTED**. (ECF No. 2.)

It is further **ORDERED** that:

(1) **WITHIN SEVEN DAYS** of the date of this Order, Plaintiff shall file a version of her Complaint containing her name **UNDER SEAL**;

(2) In all publicly filed documents, Plaintiff shall be identified only as Jane Doe. If a party wishes to file a document with this Court that contains Plaintiff's name, or contains information would permit identification of her name, directly or indirectly, that party shall move for leave to file such document **UNDER SEAL** in accordance with S.D. Ohio Civ. Rule 5.2.1. The filing party must also contemporaneously file a public version with any identifying information redacted.

(3) The parties shall take all other reasonable steps to prevent Plaintiff's name from being disclosed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

3